IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY R. LOW,

      Plaintiff,               No. 2:10-cv-2398 JFM (PC)

   vs.

JOHN MCGINNESS, et al.,

      Defendants.       <u>ORDER</u>

_____/

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this action seeking relief pursuant to 42 U.S.C. § 1983.

      On January 4, 2011, the court ordered the United States Marshal to serve process upon thirty-three defendants in this case. The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendant. If a waiver of service was not returned within sixty days, the Marshal was directed to effect personal service on the defendant in accordance with the provisions of Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c), without prepayment of costs, and to file the return of service with evidence of any attempt to secure a waiver of service and with evidence of all costs subsequently incurred in effecting personal service.

/////

1

1   On July 11, 2011, the United States Marshal filed a return of service with a USM-
2 285 form for each of the thirty-three defendants showing a charge of $55.00 for effecting
3 personal service on defendant Foster.  The form shows that a waiver of service form was mailed
4 to each defendant on January 18, 2011, and that no response was received.  The United States
5 Marshal also filed a request for reimbursement of the service charges.  On July 14, 2011,
6 defendants filed a document styled as an objection to the United States Marshal's request in
7 which they request that reimbursement be limited to a total of $55.00 for all thirty-three
8 defendants because all personal service was effected by simultaneous delivery of the summons
9 and complaints to one individual at an office located approximately two blocks from the United
10 States Marshal's office.

   Rule 4 of the Federal Rules of Civil Procedure provides, in pertinent part, as
follows:

> An individual, corporation, or association that is subject to service under subdivision (e), (f), or (h) and that receives notice of an action in the manner provided in this paragraph has a duty to avoid unnecessary costs of serving the summons . . . .
>
> If a defendant located within the United States fails to comply with a request for waiver made by a plaintiff located within the United States, the court shall impose the costs subsequently incurred in effecting service on the defendant unless good cause for the failure be shown.

Fed. R. Civ. P. 4(d)(2).

   The court finds that defendants were given the opportunity required by Rule 4(d)(2) to waive service and failed to comply with the request.  The court further finds that personal service of all thirty-three defendants was accomplished in the manner required to serve only on defendant.

   On June 29, 2011, plaintiff filed a document styled as a motion to correct a service error.  Therein, plaintiff correctly notes that an individual named E. Roberts was

/////

improperly served with process in this action and that the County of Sacramento was not served.[1] Good cause appearing, defendant E. Roberts will be dismissed from this action and counsel for the remaining defendants will be directed to inform the court in writing within ten days whether counsel will waive serve of process on behalf of the County of Sacramento.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days from the date of this order defendants shall pay to the United States Marshal the sum of $55.00.

2. The Clerk of the Court is directed to serve a copy of this order on the U.S. Marshal.

3. Plaintiff's June 29, 2011 motion is granted.

4. Defendant E. Roberts is dismissed from this action.

5. Within ten days from the date of this order counsel for defendants shall inform the court in writing whether counsel will waive serve of process on behalf of the County of Sacramento.

DATED: July 28, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

12
low2398.taxcost

---

[1] This appears to be the result of a clerical error in this court's December 14, 2010 and January 4, 2011 orders. In the December 14, 2010 order screening plaintiff's complaint pursuant to 28 U.S.C. § 1915, the court found that the complaint did not state a cognizable claim for relief against defendant E. Roberts. Nonetheless, plaintiff was directed to complete and return a service form for said defendant, and the court's January 4, 2011 order directed the United States Marshal to serve process on said defendant.