IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY R. LOW,

    Plaintiff,                        No. 2:10-cv-2398 LKK JFM (PC)

    vs.

JOHN MCGINNESS, et al.,

    Defendants.                  ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On February 17, 2012, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff and defendants have each filed objections to the findings and recommendations, and plaintiff has filed a response to defendants' objections.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case. Having carefully reviewed the

/////

1

entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis, except that the court writes to explain its views on two issues.

**1.     Denial of Prescription Eyeglasses as an ADA Violation.**

Plaintiff alleges that he has a vision impairment that renders him incapable of: seeing video exhibits during a preliminary heaing; reading posted jail facility rules and warnings; and participating in jail services, activities and programs. Complaint (Dkt. No. 1) ¶ 36. It is a reasonable inference from the complaint that plaintiff's vision is correctable with prescription eyeglasses. Complaint ¶ 37. The complaint also alleges, however, that the prison authorities denied plaintiff prescription glasses until five months after his initial request, despite his repeated requests for such glasses. Id. Plaintiff asserts that the county's failure to provide him with glasses for five months violated the ADA.

Title II of the ADA prohibits discrimination by public entities based on the availability of services:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. Moreover, "[i]t is undisputed that Title II applies to ... [c]ounty jails' services, programs, and activities for detainees." Pierce v. County of Orange, 526 F.3d 1190, 1214-15 (9th Cir.) (finding Orange County jails in violation of Title II the ADA), cert. denied, 555 U.S. 1031 (2008).

There appears to be no dispute that a person who cannot see, or whose sight is substantially limited, is a "person with a disability" under the ADA. 42 U.S.C. § 12102(1)(A) & (2)(A) ("disability" includes impairments that substantially limit a major life activity, including "seeing"). However, the statute specifically states that "[t]he ameliorative effects of the mitigating measures of ordinary eyeglasses or contact lenses shall be considered in determining

2

whether an impairment substantially limits a major life activity." 42 U.S.C. § 12102(4)(E)(ii).

Defendants argue that "requir[ing] prescription eyeglasses to see clearly ... does not meet the definition of a substantially limiting impairment," citing <u>Kemppainen v. Aransas County Detention Center</u>, 626 F. Supp.2d 672, 678-79 (S.D. Tex. 2009), <u>aff'd mem.</u>, 2012 WL 470205 (5th Cir. 2012), which held that:

> plaintiff's disability for purposes of his ADA claims must address his disability with the aid of eyeglasses. If plaintiff had proper eyeglasses, it is undisputed that he would not be disabled pursuant to the ADA. Accordingly, defendant's motion for summary judgment regarding plaintiff's ADA claim is granted and that claim is dismissed.

This court has serious doubts about the holding of <u>Kemppainen</u>. In that case, as here, the prison authorities <u>denied</u> plaintiff access to the prescription glasses he needed. Thus neither case is one where a plaintiff refuses to wear their glasses, say for reasons of vanity. A person who cannot see, and who is <u>denied access</u> to glasses by the authorities who hold him incarcerated would appear to be disabled, notwithstanding the theoretical fact that he could see if he were granted access to glasses.[1]

Nevertheless, the court notes the language of the ADA implementing regulations, which state:

> This part [28 C.F.R. Part 35] does not require a public entity to provide to individuals with disabilities personal devices, such as wheelchairs; individually prescribed devices, such as prescription eyeglasses or hearing aids; readers for personal use or study; or services of a personal nature including assistance in eating, toileting, or dressing.

---

[1] In any event, the statute does not state that a person whose vision can be corrected with glasses is not disabled. It states that the vision correction "shall be considered" in determining whether the person is disabled.

3

28 CFR § 35.135.[2] Thus, even assuming plaintiff is a person with a disability, it appears that he does not state an ADA claim in alleging that the county jail failed to provide him with prescription eyeglasses. See, e.g., McCauley v. Winegarden, 60 F.3d 766, 767 (11th Cir. 1995) ("in view of § 35.135, the court finds that Plaintiff has failed to state a claim under the ADA" for its failure to provide a "personal device"), cert. denied, 517 U.S. 1149 (1996).

### 2. Denial of Halal Diet as an RLUIPA Violation

Plaintiff alleges that he is a Muslim, that he requested a religious Halal diet, and that his request was denied. He alleges that this denial was a violation of the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), which prohibits the prison authorities from imposing "a substantial burden on the religious exercise of a person ... confined to an institution." 42 U.S.C. § 2000cc-1(a). However, in order to state a RLUIPA claim in this case, plaintiff must allege that the denial of a Halal diet substantially burdens his "sincerely held" religious belief.[3] Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). The complaint contains no such allegation.[4]

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 17, 2012, are adopted in full;

---

[2] This regulation was promulgated by the U.S. Attorney General, the official charged with promulgating implementing regulations regarding ADA implementation by public entities. 42 U.S.C. § 12134(a). Accordingly, it is entitled to substantial deference. Blum v. Bacon, 457 U.S. 132, 141 (1982) ("the interpretation of an agency charged with the administration of a statute is entitled to substantial deference").

[3] Defendants also seek dismissal because plaintiff failed to make a slew of other allegations, but they have not shown that any of them are required under RLUIPA.

[4] The court does not preclude the possibility that the required allegation is a reasonable inference from plaintiff's allegation that he is a Muslim. However, in order to avoid having the court make inferences based upon religious interpretation, it is the better practice for the complaint to allege expressly whether a Halal diet is a sincerely held part of plaintiff's religious belief.

4

1    2. Defendants' July 8, 2011, and September 6, 2011, motions to dismiss are
2 granted in part and denied in part, as follows:
3            a. Defendants' motions to dismiss are granted as to plaintiff's ADA claim
4 and said claim is dismissed without leave to amend;
5            b. Defendants' motions to dismiss plaintiff's Fourteenth Amendment
6 dental claim are granted as to defendant Jim and denied as to defendants Beach, Gonzales,
7 Maness, Brelje and County and plaintiff's Fourteenth Amendment claim against defendant Jim
8 is dismissed without leave to amend;
9            c. Defendants' motions to dismiss are granted as to plaintiff's First
10 Amendment and RLUIPA claims, plaintiff's First Amendment and RLUIPA claims arising from
11 the failure to provide a Holy Quran in Arabic are dismissed without leave to amend, and
12 plaintiff's First Amendment and RLUIPA claims arising from the alleged failure to provide a
13 Halal diet are dismissed with leave to amend;
14            d. Defendants' motions to dismiss are granted as to plaintiff's claim
15 concerning denial of recreational reading material and said claim is dismissed without leave to
16 amend;
17            e. Defendants' motions to dismiss are granted as to plaintiff's First
18 Amendment claim concerning inadequate telephone access and said claim is dismissed with
19 leave to amend;
20            f. Defendants' motions to dismiss are denied as to plaintiff's Fourteenth
21 Amendment claim concerning denial of exercise;
22            g. Defendants' motions to dismiss are granted as to plaintiff's
23 classification claims and said claims are dismissed without leave to amend; and
24            h. Defendants' motions to dismiss are granted as to plaintiff's state law
25 claims.
26       3. Defendants' July 8, 2011, motion to sever claims is denied;

5

4. Plaintiff is granted twenty days from the date of service of this order in which to file an amended complaint in accordance with the February 17, 2012, findings and recommendations and this order; and

5. Defendants are not required to answer any amended complaint until it has been screened by the magistrate judge pursuant to the provisions of 28 U.S.C. § 1915.

DATED: March 30, 2012.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT