1

2

3

4

5

6

7

8             IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   TONY R. LOW,

11          Plaintiff,                    No. 2:10-cv-2398 JFM (PC)

12     vs.

13   JOHN MCGINNESS, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. § 1983.  This matter is before the court on defendants' motion for a protective order

18   and for an award of expenses.  Defendants seek a protective order forbidding plaintiff from

19   serving any discovery until after a scheduling order is issued in this case and relieving them from

20   any obligation to respond to any discovery requests served by plaintiff prior to issuance of a

21   scheduling order.  Plaintiff opposes the motion.

22          Rule 26(c) of the Federal Rules of Civil Procedure provides in relevant part:

23          A party or any person from whom discovery is sought may move
            for a protective order in the court where the action is pending—or
24          as an alternative on matters relating to a deposition, in the court for
            the district where the deposition will be taken. The motion must
25          include a certification that the movant has in good faith conferred
            or attempted to confer with other affected parties in an effort to
26          resolve the dispute without court action. The court may, for good

1

1    cause, issue an order to protect a party or person from annoyance,
     embarrassment, oppression, or undue burden or expense, including
2    one or more of the following:

3        (A) forbidding the disclosure or discovery;

4        (B) specifying terms, including time and place, for the disclosure
         or discovery;

5

6    Fed. R. Civ. P. 26(c)(1)(A), (B).

7            Plaintiff filed this action on September 7, 2010, raising a series of claims against

8    the County of Sacramento (County) and numerous officials and employees at the Sacramento

9    County Jail (Jail) from a period during which he was a pretrial detainee at the Jail.  On July 8,

10   2011, several defendants filed a motion to dismiss and to sever claims, and on September 6,

11   2011, the County of Sacramento also filed a motion to dismiss.  On September 12, 2011, plaintiff

12   filed a motion to compel discovery responses.  On February 17, 2012, this court issued an order

13   and findings and recommendations.  Therein, the court recommended that defendants' motion to

14   dismiss be granted in part and denied in part, that plaintiff be granted leave to amend his

15   complaint, and that defendants not be required to answer any amended complaint until it had

16   been screened by this court.  Order and Findings and Recommendations, filed February 17, 2012,

17   at 18-19.  The court denied plaintiff's motion to compel.  Id. at 17-18.  In relevant part, the court

18   denied the motion on the ground that defendants would not be required to respond to discovery

19   during the pendency of their Rule 12(b)(6) motion.  Id.

20           On March 30, 2012, the district court adopted the February 17, 2012 findings and

21   recommendations in full, granting plaintiff twenty days in which to file an amended complaint.

22   Order filed March 30, 2012, at 4-6.  To date, plaintiff has not filed an amended complaint.  On

23   April 2, 2012, this matter was set for settlement conference before Magistrate Judge Craig M.

24   Kellison on June 12, 2012, at High Desert State Prison.  On April 5, 2012, defendants filed the

25   instant motion for protective order.

26   /////

On March 20, 2012, plaintiff served defendant County of Sacramento with a second set of requests for production of documents.  On March 26, 2012, counsel for defendant wrote to plaintiff and requested that he withdraw the discovery request in light of the court's February 17, 2012 order.  Plaintiff refused.

For the reasons set forth in this court's February 17, 2012 order, discovery will not be opened in this case unless and until the pleadings are settled[1] and the court has issued a discovery and scheduling order.  Defendants' motion for a protective order will be granted in its entirety.

Defendants also seek payment of the expenses of this motion in the amount of $600.00.  Defendants contend they are entitled to an award of expenses based on plaintiff's failure to resolve this matter informally.  Although defendants' position in requesting that plaintiff withdraw his discovery requests was justified by this court's February 17, 2012 order, the court does not find an award of expenses proper at this time.  Plaintiff will be formally cautioned, however, that discovery is not open in this action and that service of any further discovery requests prior to issuance of a discovery and scheduling order will subject him to imposition of sanctions.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Defendants' April 5, 2012 motion for a protective order is granted.

2.  Defendants are relieved of the obligation to respond to any discovery request served by plaintiff prior to issuance of a discovery and scheduling order in this action.

3.  No party shall serve any discovery request until a discovery and scheduling order is filed in this action.

4.  Defendants' April 5, 2012 request for expenses is denied.

---

[1]  The pleadings will be considered settled if and when an amended complaint that states one or more cognizable claims for relief has been filed and an answer thereto has been filed by one or more defendants.

1          5.  Plaintiff is cautioned that discovery is not open in this action.  Failure to

2   comply with paragraph 3 of this order will result in imposition of sanctions.

3   DATED: April 30, 2012.

4

5                                                        UNITED STATES MAGISTRATE JUDGE

6

7   12

8   low2398.po

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26